Filed 3/29/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MEL R. BRAVO,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RADC ENTERPRISES, INC.,<br><br>    Defendant and Appellant. | B289506<br><br>Los Angeles County<br>Super. Ct. No. BC678060 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Holly E. Kendig, Judge.  Affirmed in part and reversed in part.

Bleau Fox, Martin R. Fox, Megan A. Childress, and Elizabeth M. Martin, for Defendant and Appellant.

Law Offices of Ann A. Hull, Ann A. Hull and Joseph S. Socher, for Plaintiff and Respondent.

————————————

This employment case concerns a choice-of-law clause in an arbitration agreement. The trial court interpreted the clause to mean some but not all individual employment claims must be arbitrated. We conclude all of them must be arbitrated.

The facts are simple. RADC Enterprises, Inc. hired Mel R. Bravo to manage a store. The parties signed a two-page arbitration agreement covering "all disputes" arising from the employment relationship. On page two, near the end, the agreement added a one-sentence choice-of-law provision: "This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of California."

After RADC fired him, Bravo sued RADC on individual employment claims, as well as on representative claims under the Private Attorneys General Act of 2004 (PAGA). RADC moved to stay Bravo's PAGA claims and to compel arbitration on his individual claims.

The trial court severed and stayed the PAGA claims. The court found RADC engaged in interstate commerce and thus the Federal Arbitration Act governed the agreement. But the court compelled arbitration for only three of Bravo's nine individual claims, denying the arbitration motion on the remaining six individual claims. The logic was that, while the Federal Arbitration Act did apply, the choice-of-law sentence meant the parties wanted California law to govern their relationship. California Labor Code section 229 directs courts to disregard agreements to arbitrate wage claims, so the trial court declined to send Bravo's remaining claims to arbitration. (Lab. Code, § 229.)

On appeal, RADC correctly contends the choice-of-law provision did not mean the parties wanted to oust arbitration from their arbitration agreement. RADC rightly says the trial

2

court should have sent all Bravo's individual claims to arbitration.

We independently review contract interpretation where, as here, there is no extrinsic evidence about contract meaning and the facts are undisputed.

As RADC correctly explains, the choice-of-law clause does not remove any arbitration from this arbitration agreement. The first textual clue is the title: "ARBITRATION AGREEMENT." This agreement is for arbitration and not against it.

The text of the agreement swiftly announces its objective: the parties will arbitrate "any and all disputes" arising from Bravo's employment, "including any claims brought by the Employee related to wages" under the California Labor Code. The main point of the deal was to arbitrate all employment disputes. The parties could not have intended to apply Labor Code section 229 to this contract because that section prohibits arbitrating wage claims and requires courts to disregard private agreements to arbitrate. (Lab. Code, § 229.) Applying this California law would contradict the parties' intent to arbitrate "any and all disputes," including claims "related to wages . . . ."

Interpreting the choice-of-law provision to negate the purpose of the two-page agreement is incorrect. Readers must assume legal authors mean to draft texts that cohere. To assume otherwise departs from common sense and makes mischief. So we read documents to effectuate and harmonize all contract provisions. (E.g., *Mastrobuono v. Shearson Lehman Hutton, Inc.* (1995) 514 U.S. 52, 63.) Bravo's interpretation of the choice-of-law provision in this agreement is untenable because it unnecessarily sets one clause in conflict with the rest of the agreement. (*Id.* at p. 64.)

3

The choice-of-law provision becomes consistent with the parties' intent to arbitrate all disputes when we read "the laws of the State of California" to *include* substantive principles California courts would apply, but to *exclude* special rules limiting the authority of arbitrators.  (See *Mastrobuono, supra,* 514 U.S. at pp. 63–64; *Preston v. Ferrer* (2008) 552 U.S. 346, 363.)  This arbitration agreement is like the one in *Preston v. Ferrer*, which contained a similar choice-of-law provision.  The Supreme Court of the United States interpreted that agreement as we interpret this one.  (*Id.* at pp. 362–363.)

The trial court cited *Mastick v. TD Ameritrade, Inc.* (2012) 209 Cal.App.4th 1258, 1264, which does not apply here.  *Mastick* involved Code of Civil Procedure section 1281.2, subdivision (c).  That statute is not at issue here.  The same goes for *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University* (1989) 489 U.S. 468, 471, 475–477.  Code of Civil Procedure section 1281.2, subdivision (c) permits a court to refuse to enforce an arbitration agreement or stay arbitration pending resolution of related litigation between a party to the arbitration agreement and third parties not bound by it, where there is a possibility of conflicting rulings on a common issue of law or fact.  (*Id.* at p. 471.)  There are no third parties in this case.  Cases dealing with this third-party statute do not apply where there are no third parties.

4

## DISPOSITION

We affirm part of the trial court's order and reverse part of it.  We affirm the part severing the agreement provision requiring the parties to arbitrate the PAGA claims.  We also affirm the order granting RADC's motion as to three individual claims.  We reverse the order denying the motion as to the remaining six individual claims.  RADC is awarded costs on appeal.

WILEY, J.

WE CONCUR:

GRIMES, Acting P. J.

ADAMS, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.