Filed 1/17/25  Davarpanah v. Miso Robotics CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NIMA DAVARPANAH, | B334399 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23STCV02057) |
| v. | |
| MISO ROBOTICS, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Jackson Lewis, Frank C. Olah, Nareg A. Kourouyan, and Dylan B. Carp for Defendant and Appellant.

Law Offices of Stephen M. Harris and Stephen M. Harris for Plaintiff and Respondent.

————————

Defendant Miso Robotics, Inc. (Miso) appeals from the denial of its motion to compel arbitration of plaintiff Nima Davarpanah's wrongful termination lawsuit. Miso argues that the dispute was subject to arbitration under the terms of an agreement between plaintiff and third-party Justworks Employment Group, LLC (Justworks). We conclude that the agreement between plaintiff and Justworks was unenforceable against plaintiff in his dispute with Miso and thus affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.     The Offer Letter and the Innovation Agreement

In May 2021, at the inception of plaintiff's employment as an engineer with Miso, plaintiff and Miso concurrently signed two documents: (1) an offer letter (the Offer Letter), and (2) an employee invention assignment and confidentiality agreement (the Innovation Agreement). Both agreements were signed by plaintiff and a Miso representative.

The Offer Letter set forth terms and conditions of plaintiff's employment with Miso, a robotics company that creates robots in the restaurant industry. It provided plaintiff's start date, compensation, health benefits, and stock options. The Offer Letter also described the at-will nature of plaintiff's employment and contingencies on which his employment depended. The Offer Letter required that any modification of its terms be in writing and signed by both parties. Specifically, it stated: "When signed by you, this Offer Letter and the agreement it contains will supersede all previous agreements and discussions between you and the Company concerning your employment. This Offer Letter may not be amended or modified except by an express written agreement signed by you and a duly authorized

2

representative of the Company." The Offer Letter also stated the offer of employment was contingent on plaintiff's "agreement to abide by and [his] ongoing compliance with" the Innovation Agreement and "the terms of any Employee Handbook or other company policies, procedures, or work rules of the Company as they may be established and modified from time to time."

Per the Innovation Agreement, plaintiff was required to keep confidential all proprietary information obtained in his employment. The agreement also stated, among other things, that inventions plaintiff made during his employment were Miso's property. The Innovation Agreement contained an arbitration provision, which required the parties to arbitrate claims "arising out of, or in any way relating to, this Agreement." The Innovation Agreement further stated, "This Agreement and the Offer Letter constitute the entire agreement and understanding of the parties with respect to the subject matter of this Agreement, and supersede all prior understandings and agreements, whether oral or written, between the parties hereto with respect to such subject matter." The Innovation Agreement likewise required that any amendment to the agreement be in writing and signed by both parties.[1]

---

[1]  Paragraph 21 of the Innovation Agreement stated: "**Amendment and Waiver.**  This Agreement may be amended only by a written agreement executed by each of the parties to this Agreement.  No amendment or waiver of, or modification of any obligation under, this Agreement shall be enforceable unless specifically set forth in a writing signed by the party against which enforcement is sought."

3

## II.     The Justworks Agreement

Prior to plaintiff's employment with Miso, Miso hired Justworks, a professional employer organization, to provide Miso with payroll administration, access to benefits, human resources support, and provision of electronic onboarding processes for new employees.[2]  As part of plaintiff's June 2021 onboarding, Justworks provided plaintiff with a "worksite employee acknowledgement" agreement (the Justworks Agreement).

The Justworks Agreement defined Justworks's administrative role and stated that Miso was responsible for allocation of benefits, and wage and hour compliance.  It stated that plaintiff's employment relationship with Miso remained at-will.  Most significantly for the purposes of this appeal, the Justworks Agreement contained the following arbitration clause:

"By clicking 'I Accept' below, you, on the one hand, and [Miso] and Justworks, on the other hand, agree to use binding arbitration as the sole and exclusive means to resolve all disputes that may arise between you and [Miso] and/or you and Justworks, including, but not limited to, disputes regarding termination of employment and compensation.  You specifically waive and relinquish your right to bring a claim against [Miso] and/or Justworks, in a court of law, and this waiver shall be equally binding on any person who represents or seeks to represent you in a lawsuit against [Miso] or Justworks in a court of law.  Similarly, [Miso] and Justworks specifically waive and relinquish their respective rights to bring a claim against you in a court of law, and this waiver shall be equally binding on any

---

[2]     Like the parties, we refer to these services as professional employer organization (PEO) services.

4

person who represents or seeks to represent [Miso] or Justworks in a lawsuit against you in a court of law."

The arbitration clause further stated: "This is the entire agreement between you, on the one hand, and [Miso] and/or Justworks, on the other hand, regarding dispute resolution, and this arbitration agreement supersedes any and all prior agreements regarding these issues. Any agreement contrary to the foregoing must be entered into, in writing, signed by you, the authorized representative of [Miso] and the CEO of Justworks."

The final page of the Justworks Agreement stated that plaintiff electronically agreed to its terms on June 7, 2021. No other party signed the document.

### III. Lawsuit and Motion to Compel Arbitration

In November 2022, Miso terminated plaintiff's employment. In January 2023, plaintiff sued Miso for wrongful termination in violation of public policy. Plaintiff alleged that he was terminated in retaliation for raising safety concerns with regard to a Miso product.

In July 2023, Miso moved to compel arbitration based on the arbitration clause in the Justworks Agreement. Miso argued it was a third-party beneficiary of the Justworks Agreement and it had satisfied the statutory requirements to compel arbitration.

Plaintiff opposed the motion, asserting that the Justworks Agreement was an ineffective modification of the terms and conditions of the Offer Letter because it was not signed by Miso. Plaintiff also argued the Justworks Agreement, which he did not recall signing, was not enforceable since it was not properly authenticated, and Miso waived any right to arbitration by not promptly moving to compel arbitration. In response, Miso argued, among other things, that the Justworks Agreement was a

5

separate enforceable contract, not a modification, since the Offer Letter did not discuss arbitration and the terms of the two agreements did not conflict.

After hearing argument, the trial court denied the motion to compel arbitration. The court concluded the Justworks Agreement was an improper modification of the Offer Letter as it was not signed by both parties. The court also indicated that Miso had likely waived arbitration by its failure to promptly move to compel arbitration, but the court did not expressly decide that issue.

Miso timely appealed the denial of its motion to compel arbitration.

## DISCUSSION

Miso argues that it is a third-party beneficiary of the Justworks Agreement's arbitration clause, and the Justworks Agreement was not subject to the Offer Letter's signature requirement because it did not modify the Offer Letter. We conclude that even assuming Miso is a third-party beneficiary of the Justworks Agreement, Miso cannot enforce the Justworks Agreement because it modified the terms of the Offer Letter and Miso did not sign the Justworks Agreement, as required by the Offer Letter for the modification to be enforceable. Thus, Miso cannot compel arbitration.

## I.     Standard of Review

Under the California Arbitration Act (Code Civ. Proc., §§ 1280–1294.2), "when a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its

6

enforcement is raised, whether it is enforceable.  Because the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence.  If the party opposing the petition raises a defense to enforcement . . . that party bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense." (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413; Code Civ. Proc., §§ 1281.2, 1290.2.)

"In these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination.  [Citations.]" (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972.)  As here, where there is no conflict in the evidence, the issue is purely legal and our review is de novo.  (*Nguyen v. Applied Medical Resources Corp.* (2016) 4 Cal.App.5th 232, 258.)

## II.    The Justworks Agreement Is an Unenforceable Modification to the Terms of the Offer Letter

In opposing the motion to compel arbitration, plaintiff contended that under the terms of the Offer Letter, the arbitration provision of the Justworks Agreement could be enforceable as between plaintiff and Miso only if both parties signed it, and the trial court agreed.  Miso argues that this was error because the Justworks Agreement did not change or contradict any term of the Offer Letter and therefore did not need to comply with the Offer Letter's requirement that modifications be signed by both plaintiff and Miso.  We agree with the trial court's construction and conclude that because Miso did not sign

7

the Justworks Agreement, the arbitration provision was not enforceable.

### a. The Offer Letter Made the Justworks Agreement's Enforceability Contingent on Miso's Signature

The Offer Letter set forth terms and conditions of plaintiff's employment with Miso. It described plaintiff's start date, compensation, health benefits, stock options, the at-will nature of his employment, and the contingencies on which his employment depended. One of those contingencies was compliance with the concurrently signed Innovation Agreement, which required plaintiff to arbitrate all claims against Miso that were related to the Innovation Agreement, i.e. disputes related to intellectual property and breaches of confidentiality. The Offer Letter also stated: "This Offer Letter may not be amended or modified except by an express written agreement signed by you and a duly authorized representative of the Company."

We conclude that the Offer Letter incorporated by reference the terms of the Innovation Agreement. "The general rule is that the terms of an extrinsic document may be incorporated by reference in a contract so long as (1) the reference is clear and unequivocal, (2) the reference is called to the attention of the other party and he consents thereto, and (3) the terms of the incorporated document are known or easily available to the contracting parties." (*DVD Copy Control Assn., Inc. v. Kaleidescape, Inc.* (2009) 176 Cal.App.4th 697, 713.) Here, the Offer Letter made a clear and unequivocal reference to the Innovation Agreement, stating: "This offer of employment is contingent upon the following: . . . Your agreement to abide by and your ongoing compliance with the Company's [Innovation

Agreement]." Given that Miso drafted the Offer Letter, the reference to the Innovation Agreement was clearly consented to by Miso. And, the Innovation Agreement was known and easily available to both parties since the documents were concurrently executed.

Furthermore, the Innovation Agreement stated, "This Agreement and the Offer Letter constitute the entire agreement and understanding of the parties with respect to the subject matter of this Agreement, and supersede all prior understandings and agreements, whether oral or written, between the parties hereto with respect to such subject matter." Based on this language, it is clear that the parties intended the Offer Letter and the Innovation Agreement to be read together as the entire agreement between the parties.

As the Offer Letter expressly incorporated the contents of the Innovation Agreement as terms and conditions of plaintiff's employment, the Offer Letter necessarily included the Innovation Agreement's arbitration clause. Thus, any expansion of that arbitration clause would constitute an amendment or modification of the Offer Letter, and would need to be in writing and signed by both plaintiff and Miso to be effective. Because the Justworks Agreement significantly expanded the arbitration clause by requiring plaintiff and Miso to arbitrate *all* disputes between them (not just disputes regarding intellectual property and confidentiality as set forth in the Innovation Agreement), the Justworks Agreement needed to be signed by both plaintiff and Miso to be effective. Since Miso never signed the Justworks Agreement, the arbitration clause is unenforceable.

At oral argument before this court, Miso argued that if this court concluded the Offer Letter incorporated the Innovation

9

Agreement by reference, then it incorporated the Innovation Agreement's amendment provision, which states: "This Agreement may be amended only by a written agreement executed by each of the parties to this Agreement. No amendment or waiver of, or modification of any obligation under, this Agreement shall be enforceable unless specifically set forth in a writing signed by the party against which enforcement is sought." Miso asserted that the second sentence of the Innovation Agreement's amendment provision allows it to enforce subsequent modifications signed only by plaintiff, like the Justworks Agreement at issue in this case. We disagree with Miso's construction of the Innovation Agreement amendment provision. Consistent with the Offer Letter, the first sentence of the Innovation Agreement's amendment provision clearly requires amendments to be in writing and signed by both parties. To the extent the second sentence requires a modification to be signed by the party against which it is being enforced, we read this cohesively with the preceding sentence. (*Bravo v. RADC Enterprises, Inc.* (2019) 33 Cal.App.5th 920, 923 ["we read documents to effectuate and harmonize all contract provisions"]; Civ. Code, § 1641 ["The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."].) Thus, both parties must sign the amendment for it to be effective and our above analysis stands. Interpreting the second sentence of the amendment provision as allowing unilateral enforcement would contradict the parties' clear intent expressed in the first sentence of this clause in the Innovation Agreement and in the Offer Letter's modification provision, both of which require execution by Miso and plaintiff.

Accordingly, we need not decide whether Miso qualifies as a third-party beneficiary because, even if it does, the Offer Letter's signature requirement for modifications rendered the Justworks Agreement unenforceable. *Cione v. Foresters Equity Services, Inc.* (1997) 58 Cal.App.4th 625, which Miso heavily relies on in urging us to find the arbitration agreement enforceable, does not change our analysis. In *Cione*, a securities industry employee (Cione) entered into an agreement with the National Association of Securities Dealers, Inc. (NASD), agreeing to arbitrate any disputes with his employer. (*Cione*, at p. 630.) Three years later, Cione and his employer entered into a written employment agreement, which included an integration clause that did not reference the arbitration agreement. (*Id.* at pp. 630–631.) The Court of Appeal held the employer was nonetheless a third-party beneficiary of the NASD arbitration clause: "Cione contends the superior court properly concluded his arbitration agreement with NASD . . . was rendered unenforceable by FESCO by virtue of the 'integration' clause of his written employment agreement with FESCO lacking any provision for arbitration. However, Cione's contention betrays a misunderstanding of the contract FESCO sought to enforce. FESCO did not seek to enforce its written employment agreement with Cione. Instead, as an intended third[-]party beneficiary, FESCO sought enforcement of Cione's . . . agreement with NASD." (*Cione*, at p. 636.)

For obvious reasons, *Cione* is distinguishable. Unlike *Cione*, where the employer enforced an independent arbitration agreement to which it was a third-party beneficiary, Miso seeks to enforce an arbitration clause furnished by its PEO services provider that directly conflicts with and attempts to override the explicit terms of Miso's own earlier contract with plaintiff. Miso

11

cites no authority to support the proposition that the terms of a subsequent contract, to which it is purportedly a third-party beneficiary, can supersede the explicit terms of its earlier, directly negotiated contract with plaintiff. Moreover, *Cione* did not address the enforceability of an agreement lacking required signatures pursuant to an earlier agreement by the parties, as is the case here. Thus, *Cione* does not support Miso's position.

### b. *Justworks's Insignia on the Onboarding Documents Did Not Satisfy the Signature Requirement*

Miso argues that Justworks's "insignia on the onboarding document proposing the Justworks Agreement to [plaintiff], and on other documents in the onboarding process" suffices as Miso's signature on the Justworks Agreement because Justworks was Miso's "duly authorized representative." Miso's contention lacks merit.

We note as an initial matter that Justworks's "insignia" is not a "signature" and it is nowhere to be found on the Justworks Agreement. In any event, even if we assume a Justworks insignia could constitute a signature, the record does not support Miso's contention that Justworks had authority to sign an arbitration agreement on Miso's behalf. In support of its motion to compel, Miso filed declarations from Justworks Senior Product Manager, Anna Fajkowski, and Miso Vice President of Human Resources, Nadia Cardinale, explaining Miso's relationship to Justworks and the online onboarding process through which plaintiff allegedly agreed to the Justworks Agreement.

Fajkowski attested: "According to Justworks' records kept in the ordinary and usual course of business, Miso Robotics and Justworks entered into an agreement on or about July 1, 2020 by

12

which Justworks agreed to provide PEO services to Miso Robotics, including payroll, access to benefits, and other services. In order to process paperwork, payroll, and benefits for Miso Robotics' employees, Justworks required Miso Robotics' employees to set up personal accounts with Justworks to provide necessary information for Justworks to process payroll and benefits while also permitting Miso Robotics' employees to access these pertinent documents on Justworks' internal system." Notably, Fajkowski did not speak to Justworks's authority to enter into arbitration agreements on behalf of Miso.

Cardinale attested that Miso entered into a client services agreement with Justworks "whereby Justworks agreed to provide PEO services to Miso Robotics, Inc., pursuant to Paragraph 2 of the [Client Services Agreement (CSA)], including payroll administration and tax withholding, access to benefits, Human Resources Support, providing the electronic onboarding process for new employees, and other services." Cardinale's declaration showed that Justworks completed administrative tasks for Miso. However, it did not establish that Justworks could enter into an arbitration agreement on behalf of Miso. Moreover, Miso did not provide a copy of the CSA to show the scope of Justworks's agency. That Miso sought to enforce the arbitration agreement as a third-party beneficiary—rather than as a direct party to the contract—further supports the conclusion that Justworks lacked the authority to bind Miso to arbitration. In sum, Miso's evidence failed to show that Justworks had the authority to commit Miso to binding arbitration or forfeit Miso's right to litigate claims against employees.

Based on the foregoing, Miso failed to produce a fully signed arbitration agreement that complied with the Offer

13

Letter's modification clause.  Therefore, Miso failed to carry its burden of proving the existence of an enforceable arbitration agreement, and the trial court did not err in denying the motion to compel arbitration.[3]

---

[3]    Because we conclude the Justworks Agreement was not enforceable as applied to plaintiff's dispute with Miso, we do not address plaintiff's argument that Miso waived its right to compel arbitration.

## DISPOSITION

The order denying the petition to compel arbitration is affirmed.  Plaintiff Nima Davarpanah is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

HANASONO, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.